# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

ROMEO HILLMAN,

    Plaintiff,

v.

DICKSON WALE SOROYE, *Officer*,

    Defendant.

Civil Action No. TDC-16-2840

## MEMORANDUM ORDER

On March 28, 2019, the Court granted leave for Plaintiff Romeo Hillman to file a Second Amended Complaint. In the same Order, the Court denied leave to include in the Second Amended Complaint claims against the United States of America, on the grounds that such claims were futile.

In his verified Second Amended Complaint, Hillman alleges that while he was a federal pretrial detainee at Chesapeake Detention Facility in Baltimore, Maryland, he was sexually assaulted by his cellmate seven times. After the first four occasions, Hillman "informed Defendant Soroye on or about September 2, 2015 at 9:00 am that my cellmate and I were having problems, that I was concerned for my safety, and that it was urgent for him to move either my cellmate or myself to a separate cell." 2d Am. Compl. ¶ 12, ECF No. 25. According to Hillman, "Soroye said that he would make the change" in cell assignments, but he failed to do so despite the fact that Hillman alerted him to an empty cell within the unit. *Id.* ¶¶ 13, 16. After Hillman was again sexually assaulted by his cellmate on September 14, 2015, he reiterated his request for to be moved for safety reasons to Soroye on September 15, 2015. Nevertheless, Soroye took no action until

September 24, 2015, when he finally arranged to have Hillman moved to another cell. According to Hillman, from the time that he first told Soroye on September 2, 2015 about the assaults to the day he was moved to another cell on September 24, 2015, he was sexually assaulted by his cellmate on three occasions. In the Second Amended Complaint, Hillman states that he is bringing suit against Soroye in both his individual and official capacities and characterizes his claim as alleging a failure to protect him sexual assault "in violation of the Fifth and Fourteenth Amendments to the United States Constitution." *Id.* ¶ 22. Hillman seeks monetary damages and a "declaratory judgment" stating that Soroye violated his rights. *Id.* ¶¶ 23–25.

Soroye has responded with a Motion to Dismiss and/or for Summary Judgment. Soroye argues that any claim against him in his official capacity is barred by the Eleventh Amendment to the Constitution and that the Fifth Amendment is inapplicable because Soroye is a state actor, rather than a federal one. Soroye states that:

> The Defendant does not dispute that pretrial detainees enjoy the protections of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Here, CO Soroye disagrees that Plaintiff's constitutional rights were violated as alleged, and seeks to vigorously dispute this claim before the trier of fact. Fundamentally, the issue of whether or not CO Soroye violated Plaintiff's constitutional rights should be a matter determined by the trier of fact as a predicate to awarding or declining to award damages for the alleged constitutional violation.

Mot. Dismiss 7–8, ECF No. 26-1. However, Soroye argues that the Court should deny Hillman's request for declaratory judgment because it is redundant of his request for damages. The Motion is fully briefed.

Because it is unnecessary to review documents outside of the pleadings, the Court will treat Soroye's Motion as a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(d); *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim

for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

First, Soroye argues that any claims against him in his official capacity under 42 U.S.C. § 1983 must be dismissed. As the Supreme Court has stated:

> [A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. . . . We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Because Soroye is an employee of the Division of Correction, a state agency, the suit against Soroye in his official capacity necessary fails. *See id.* Moreover, under the Eleventh Amendment, states are immune from § 1983 suits other than those for prospective injunctive relief unless they have waived their immunity—which Maryland has not done. *See id.* at 66, 71 n.10; *see also McIntosh v. Div. of Corr.*, No. 16-1320, 2017 WL 3412081, at *4 (D. Md. Aug. 7, 2017) ("Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in state court, *see* Md. Code Ann., State Gov't § 12–104, it has not waived its immunity under the Eleventh Amendment to suit in federal court."). Soroye is therefore immune from the damages claims asserted in the Second Amended Complaint. For these reasons, the claims against Soroye in his official capacity will be dismissed.

3

Second, Soroye argues that any claim against him arising under the Fifth Amendment must be dismissed because the Due Process Clause of the Fifth Amendment applies only to federal actors. Soroye is correct that a claim against a state officer is properly brought only under the Fourteenth Amendment. *See Massey v. Ojaniit*, 759 F.3d 343, 354 n.5 (4th Cir. 2014) (holding that where the complaint "asserts claims against state, rather than federal, actors," the plaintiff's "relevant due process protections are found in the Fourteenth, rather than the Fifth, Amendment."); *United States v. Hornsby*, 666 F.3d 296, 310 (4th Cir. 2012) (stating that "the Fourteenth Amendment's Due Process Clause is a limitation on state conduct," while the "due process protections against the federal government are found in the Fifth Amendment"). Because Soroye is a state officer and not a federal officer, Hillman's claim under the Fifth Amendment will be dismissed. This ruling, however, is a mere formality. The substance of Hillman's allegation—a due process claim against Soroye for failing to protect Hillman while he was a pretrial detainee—continues under the Fourteenth Amendment.

Third, although Soroye seeks dismissal of Hillman's request for a declaratory judgment, the requested relief is not a freestanding cause of action and is not clearly unavailable. At this stage of the case, it is unnecessary to address whether such a remedy is appropriate. The Motion will be denied on this issue.

Finally, the Court notes that Soroye's request that the entire case should be dismissed is not supported. Soroye provides no basis to dismiss Hillman's Fourteenth Amendment claim against Soroye in his personal capacity that he was deliberately indifferent to Hillman's safety. Indeed, Soroye acknowledges that there is a dispute of material fact on this claim. Accordingly, the Motion will be granted in part and denied in part.

For the foregoing reasons, it is hereby ORDERED that:

1. Soroye's Motion to Dismiss, ECF No. 26, is GRANTED IN PART and DENIED IN PART. The Motion is granted as to the claims against Soroye in his official capacity and under the Fifth Amendment. The Motion is otherwise denied.
2. Hillman's official capacity and Fifth Amendment claims are DISMISSED.
3. Hillman shall be appointed counsel. The Clerk shall PROVIDE a copy of this Order to the Pro Bono Coordinator who shall LOCATE a member of the Maryland Bar to represent Hillman.
4. Soroye shall FILE an Answer to the Complaint within 21 days after the entry of appearance of appointed counsel.
5. The Clerk shall PROVIDE a copy of this Order to Hillman.

Date: June 26, 2019

THEODORE D. CHUANG
United States District Judge